UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RICHARD AMERICA, ) |  |  |
| ) |  |  |
| Plaintiff, ) |  |  |
| ) |  |  |
| v. ) | Civil Action No. 03-1807 (PLF) |  |
| ) |  |  |
| KAREN G. MILLS, ) |  |  |
| Administrator, Small Business Administration, ) |  |  |
| ) |  |  |
| Defendant.[1] ) |  |  |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on the defendant's renewed motion to dismiss the case on the ground that this Court is without jurisdiction to determine whether the defendant breached a settlement agreement between plaintiff and defendant — a determination that defendant maintains must be made before plaintiff may proceed to trial on his underlying Title VII claims.[2]  Defendant argues that the question of whether the settlement agreement was breached is within the exclusive jurisdiction of the Court of Federal Claims.  Accordingly, defendant argues, this Court either must dismiss the case or transfer it to the Claims Court to determine that contract question before either that Court or this one may consider plaintiff's Title VII claims.[3]

---

[1]  Under Rule 25(d)(1) of the Federal Rules of Civil Procedure, Administrator Karen G. Mills has been substituted for former Administrator Steven Preston.  FED. R. CIV. P. 25(d).

[2]  Defendant also requests a continuance of the trial which is now scheduled to begin on January 13, 2010.

[3]  It is quite clear to this Court, however, that the Court of Federal Claims has no jurisdiction over the Title VII claims.  See Hansson v. Norton, 411 F.3d 231, 236 (D.C. Cir.

The Court heard oral argument on the motion to dismiss on December 23, 2009. Defendant argued in its papers and at oral argument that its position is compelled by the decision of the D.C. Circuit in Brown v. United States, 389 F.3d 1296 (D.C. Cir. 2004), and its progeny. At the urging of counsel for the defendant, the Court has re-read the D.C. Circuit's opinion in Brown, Judge Collyer's opinion for the district court in Brown, and every post-Brown decision cited in defendant's brief. Upon review of the case law, the Court is more convinced than ever that — despite the vigor and persistence of defendant's counsel — the defendant is flat-out wrong in its reading of the case law.

Defendant argues that this Court lacks jurisdiction to decide whether the settlement agreement (a contract) was breached, because only the Court of Federal Claims has jurisdiction to consider suits claiming breach of contract against the government. Defendant made this same argument in briefing its original motion to dismiss; its Notice of Supplemental Authority cited Brown for the proposition that "jurisdiction to decide whether an agency breached a settlement agreement [in a Title VII case where damages sought exceed $10,000] lies exclusively in the Court of Federal Claims." Notice of Supplemental Authority at 1. The Court denied defendant's motion to dismiss on December 27, 2006, America v. Preston, 468 F. Supp. 2d 118 (D.D.C. 2006), and its motion to reconsider on February 12, 2007. See America v. Preston, Civil Action No. 03-1807, Order, Dkt. No. 29 (D.D.C. Feb. 12, 2007).

---

2005) (collecting cases); Munoz v. England, Civil Action No. 05-2472, 2006 WL 3361509 at *5 (D.D.C. Nov. 20, 2006); Westover v. United States, 71 Fed. Cl. 635, 640-41 (Fed. Cl. 2006); id. at 640 ("This court is unable to reinstate the Title VII claim, let alone evaluate that claim . . . Reinstatement of the discrimination claim comes within the exclusive jurisdiction of the district court."); Schnelle v. United States, 69 Fed. Cl. 463, 466-67 (Fed. Cl. 2006). Therefore, if defendant's argument is correct, two separate courts each would have to adjudicate a part of this case for it to be finally resolved.

As defendant correctly points out, the Tucker Act provides that the Court of Federal Claims has exclusive jurisdiction to render judgment on any claim against the United States for more than $10,000 that is founded on an express or implied contract with the United States. 28 U.S.C. §§ 1346(a), 1491(a)(1). See Greenhill v. Spellings, 482 F.3d 569, 575 (D.C. Cir. 2007); Hansson v. Norton, 411 F.3d at 232. In this case, however, plaintiff has not asserted any breach of contract claim nor sought money damages for any such breach of contract. The question whether the settlement agreement was breached arises solely because (as defendant argues) plaintiff is not entitled to pursue his Title VII claims in the absence of a breach. It is a predicate question that must be decided either by this Court or by the Court of Federal Claims.

Brown was quite different. It was a case in which the plaintiff expressly alleged a breach of contract, a settlement agreement of a discrimination claim, as a basis for monetary relief. As Judge Collyer noted:

> It is true that the Settlement Agreement did not contain a total waiver of Ms. Brown's right to sue in federal court. In the event of a breach, it was provided that Ms. Brown may request either enforcement of the terms of the settlement or reinstatement of the original EEO charge. *Having amended her complaint to allege a breach of the Settlement Agreement, Ms. Brown has made her election and cannot reinstate the 1994 allegations.*

Brown v. United States, 271 F. Supp. 2d 225, 228-29 (D.D.C. 2003) (emphasis added).[4] Since Ms. Brown elected to add a claim for relief expressly based on an alleged breach of contract and sought money damages of more than $10,000, the D.C. Circuit concluded that the Court of

---

[4] Contrary to defendant's assertion, Judge Collyer did not direct or order plaintiff in Brown to add a breach of contract claim; she "offered Ms. Brown an opportunity to amend her complaint," and Ms. Brown accepted the offer by filing an amended complaint. See Brown v. United States, 271 F. Supp. 2d at 228.

Federal Claims had exclusive jurisdiction over that contract claim:

> Brown alleges the United States Department of Agriculture breached the terms of its settlement agreement with her and that its breach entitles her *both* to damages in excess of $10,000 and to the reinstatement of her administrative complaint alleging discrimination and retaliation in violation of Title VII.  The Government points out*, and Brown now agrees with respect to Count III, this case should have been brought in the Court of Federal Claims* pursuant to the Tucker Act because she advances a contract claim against the United States in excess of $10,000.

Brown v. United States, 389 F.3d at 1297 (emphasis added).

The court of appeals reached the conclusion that the Court of Federal Claims had jurisdiction *not* because Ms. Brown had to first prove that the government breached the settlement agreement as a predicate to seeking relief under Title VII, but "because the contract question arises in a suit against the United States for more than $10,000 in damages."  Brown v. United States, 389 F.3d at 1297; see also Brown v. United States, 84 Fed. Cl. 400, 403 (Fed. Cl. 2008) (jurisdiction in Court of Federal Claims because Brown advanced contract claim against United States government for more than $10,000).  Plaintiff has brought no breach of contract claim in this case, and so jurisdiction does not lie exclusively in the Court of Federal Claims.  Cf. Greenhill v. Spellings, 482 F.3d at 573 ("Jurisdiction is determined by looking to the complaint.  If Greenhill explicitly or in essence seeks money damages in excess of $10,000, jurisdiction rests exclusively with the Court of Federal Claims."); see also Hansson v. Norton, 411 F.3d at 232, 234; Keith v. United States R.R. Ret. Bd., Civil Action No 02-1054, 2006 WL 2085389 at *5 (D.D.C. July 25, 2006).

By contrast, in Saksenasingh v. Secretary of Education, 126 F.3d 347 (D.C. Cir. 1997), the plaintiff did not seek to recover for breach of the Title VII settlement agreement, but

— as plaintiff has done here — brought only claims of substantive Title VII violations. It was the defendant that raised the prior settlement agreement as a defense. The plaintiff in Saksenasingh argued that she could repudiate the settlement because of the defendant's breach, and that if a breach was found, she could pursue her underlying claims in this Court. The court of appeals agreed, concluding that the district court had jurisdiction to decide the breach issue:

> Where a party raises a settlement agreement as a defense, the District Court must factually determine the issues surrounding the agreement. See Bowden v. U.S., 323 U.S. App. D.C. 164, 106 F.3d 433, 439 (D.C. Cir. 1997) (District Court resolves factual issues regarding Title VII settlement agreement). Faced with Saksenasingh's assertion of her original discrimination complaint and the Department's defense that the settlement agreement barred the suit, the judge or jury in the District Court, depending upon the circumstances, should have determined, as a threshold matter, whether in fact the Department had breached the settlement agreement. . .
>
> On remand, if it is found that the Department breached, then the settlement agreement cannot bar Saksenasingh's original claim. However, if it is found that the Department did not breach the agreement, then the settlement will bar Saksenasingh from proceeding with her original claim.

Saksenasingh v. Secretary of Education, 126 F.3d at 350; see id. at 351 ("The defense that the settlement agreement bars Saksenasingh's suit is substantive, not jurisdictional."). That is precisely the situation presented here.[5] The D.C. Circuit decision in Saksenasingh therefore controls this case.[6]

---

[5]   While in this case, defendant does not raise the settlement agreement as an affirmative defense, it does insist that the question of the settlement agreement's breach must be resolved before the Title VII claims can proceed to trial.

[6]   As for questions regarding whether there was a breach of the settlement agreement because testers were involved or whether the breach of the settlement agreement was material,

Accordingly, for the reasons stated above, it is hereby

ORDERED that defendant's renewed motion to dismiss [Docket 65] is DENIED; and it is

FURTHER ORDERED that the parties shall, in their Joint Pretrial Statement, due to be filed on January 8, 2010, address the following questions: (1) how and when to resolve the breach of contract issue; (2) whether and how to bifurcate the trial of the issues in this case; and (3) whether to postpone all or a portion of the trial now scheduled to commence on Janaury 13, 2010.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: December 30, 2009

---

the Court has already decided those questions, twice rejecting defendant's arguments. The Court will not visit these issues again.